IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VELESA V. DRAUGHN, | * | |
| PLAINTIFF, *pro se*, | * | |
| v. | * | Civil Action No. RDB-20-3625 |
| CHRISTINE WORMUTH[1], | * | |
| | * | |
| DEFENDANT. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Velesa Draughn ("Plaintiff" or "Draughn"), proceeding *pro se*, brings this federal-sector employment action against Defendant Christine Wormuth, as Secretary of the United States Army (the "the Army"), alleging discrimination based on her race/national origin, color, and sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq*. While she remains a civilian employee with the Army, she further alleges that she was unlawfully discriminated against because of her age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq*. Plaintiff also asserts claims of disability discrimination and failure to accommodate under the Rehabilitation Act, 29 U.S.C. § 701 *et seq*. Plaintiff alleges that in retaliation for raising claims of discrimination, the Army created a hostile work environment in violation of Title VII, the ADEA, and the Rehabilitation Act. Finally, Plaintiff asserts a freestanding claim against the

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Secretary of the Army Christine Wormuth is automatically substituted for former Secretary Ryan McCarthy as the Defendant in this action.

Army for violations of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq*. Presently pending is Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment. (ECF No. 7.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 7), construed as a Motion to Dismiss, is GRANTED, and this case is dismissed WITH PREJUDICE.

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. NSA/Central Sec. Serv.*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Plaintiff Velesa Draughn ("Plaintiff" or "Draughn") is an African-American woman who was born in 1968 and resides in Maryland. (ECF No. 1 at 2, 5.) Draughn suffers from bilateral lymphedema and anxiety and depression. (ECF No. 1-1 ¶ 1.) Defendant Christine Wormuth is the United States Secretary of the Army ("Defendant" or "the Army").

From October 7, 2012 to November 3, 2015, Draughn worked as a Supervisory Human Resources ("HR") Specialist with the U.S. Army Cyber Command ("ARCYBER") HR/Personnel Office at Fort Meade, Maryland. On or about November 4, 2015, Draughn was given a new position description which indicated that she was assigned to the role of HR Specialist. (ECF No. 1-2 at 1.) As an HR Specialist, Vaughn served primarily as a senior staff member of a civilian HR team and was responsible for providing technical advice and

2

assistance in various civilian HR program areas to officials of all levels of management within ARCYBER. (*Id.*)

By letter date July 5, 2016, the Army informed Draughn that she was reassigned to work at its facility in Fort Belvoir, Virginia effective August 1, 2016. Draughn accepted the reassignment on July 15, 2016. (*Id.* at 2.) At the same time, Draughn requested an accommodation for her anxiety and depression and bilateral lymphedema in the form of total telework or permission to remain at Fort Meade instead of relocating. (*Id.*)

On September 21, 2016, Draughn initiated contact with an Army EEO counselor. (ECF No. 7-2 at 2.)[2] She alleged that she had been discriminated against when, on August 29, 2016, she received a memorandum stating that her request for accommodation had been denied. (*Id.* at 3; ECF No. 1-2 at 2.) She also alleged a pattern of discriminatory and retaliatory actions on the part of the Army dating back to May 2014 and extending through September 2016. (ECF No. 7-2 at 2.)

On November 17, 2016, Draughn filed a formal EEO complaint with the Army in which she alleged that the Army discriminated against her and harassed her on the basis of race/national origin, sex, color, disability, age, and in reprisal for prior protected EEO activity with respect to numerous claims dating back to 2015. Draughn subsequently

---

[2] ". . . [W]hen a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'" *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (alterations in original) (quoting *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999). The Army has attached Draughn's EEO Counselor's Report to its Motion. (ECF No. 7-2.) Draughn relied on having sought EEO counseling to satisfy the administrative exhaustion requirement for her claims, and she has attached the EEOC's decision on her request for reconsideration to her complaint. (ECF No. 1-1.) She also does not challenge the authenticity of the EEO Counselor's Report. Accordingly, this Court may consider the EEO Counselor's Report attached to the Army's Motion without converting it to a motion for summary judgment.

requested a Final Agency Decision. (ECF 1-2 at 3.) After the Army issued a Final Agency Decision with no finding of discrimination, Draughn appealed to the Equal Employment Opportunity Commission's ("EEOC") Office of Federal Operations, which affirmed the Army's Final Agency Decision. On September 13, 2020, the EEOC denied Draughn's request for reconsideration. (*Id.* at 4). Draughn received a Right to Sue letter on September 17, 2020. (ECF No. 1 at 6.)

Draughn filed her complaint with this Court on December 15, 2020. (ECF No. 1.) On March 29, 2021, the Secretary filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. (ECF No. 7.)

**STANDARD OF REVIEW**

This Court is mindful of its obligation to liberally construe the pleadings of *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim, *Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990), or "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). In making this determination, this Court "must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F. 2d 721, 722-23 (4th Cir. 1989).

**I. 12(b)(1) Standard**

Rule 12 (b)(1) of the Federal Rules of Civil Procedure permits a defendant to challenge the court's subject matter jurisdiction over the plaintiff's suit. Under Rule 12(b)(1),

the plaintiff bears the burden of proving, by preponderance of evidence, the existence of subject matter jurisdiction. *See Demetres v. E. W. Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015). "A defendant may challenge subject-matter jurisdiction in one of two ways: facially or factually.*" Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017). A facial challenge involves the allegation "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). Accordingly, the plaintiff is "afforded the same procedural protection as she would receive under a Rule 12(b)(6) consideration," wherein "the facts alleged in the complaint are taken as true," and the defendant's challenge "must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.*

## II. 12(b)(6) Standard

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). While a complaint need not include "detailed factual allegations," it must set forth "enough factual matter [taken as true] to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*,

556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). A plaintiff cannot rely on bald accusations or mere speculation. *Twombly*, 550 U.S. at 555.

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Hall v. DirectTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017). A court, however, is not required to accept legal conclusions drawn from those facts. *Iqbal*, 556 U.S. at 678. "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), cert. denied, 566 U.S. 937, 132 S. Ct. 1960, 182 L. Ed. 2d 772 (2012).

While ruling on a motion to dismiss, a court's evaluation is generally limited to allegations contained in the complaint. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166-67 (4th Cir. 2016). However, courts may also consider documents explicitly incorporated into the complaint by reference. *Id.* at 166 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007)). In addition, a court may "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Id.* (citing *Sec'y of State for Defence v. Trimble Nav. Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)). A document is "integral" when "its 'very existence, and not

the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F.Supp.2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis omitted). Considering such documents does not convert a motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

## ANALYSIS

### I. FMLA Claim

Plaintiff asserts a freestanding claim under the Family and Medical Leave Act. (ECF No. 1 at 4.) She alleges that on or about September 6, 2016, the Army conditioned her return to work on receiving a Fitness for Duty Certification from her physician in violation of the FMLA. (ECF No. 1-1 at 1.) The Army argues that the claim is barred by sovereign immunity and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because this Court does not have jurisdiction to hear it. (ECF No. 14 at 4.)

"It is well established that the United States Government, as sovereign, is immune from suit unless it consents to be sued." *Khatami v. Compton*, 844 F. Supp. 2d 654, 663 (D. Md. 2012) (quoting *Gould v. U.S. Dep't of Health & Human Servs.*, 905 F.2d 738, 741 (4th Cir. 1990)). The United States Court of Appeals for the Fourth Circuit has held that the FMLA does not provide a private right of action for federal employees. *See Mann v. Haigh*, 120 F.3d 34, 36-37 (4th Cir. 1997) (stating that Title II of the FMLA applies to federal employees and Title II has omitted the private right of action phrase contained in Title I of the Act.*) See also McNair v. Spencer*, No. 4:17cv38, 2018 U.S. Dist. LEXIS 80163, at *10-11 (E.D. Va. May 3, 2018) (applying *Mann* and dismissing a federal-sector FMLA claim for lack of jurisdiction);

*Scott-Brown v. Cohen*, Civil Action No. AW-00-3570, 2001 U.S. Dist. LEXIS 24940, at *27 (D. Md. Aug. 14, 2001) (same).

In this case, Plaintiff alleges that she was employed by the United States Army. As such, she is covered under Title II of the FMLA and, as explained above, she cannot bring an FMLA claim in this Court. Accordingly, Plaintiff's FMLA claim is dismissed.

## II.   March 1, 2017 Claim

Plaintiff alleges that the Army discriminated against her on March 1, 2017 when one of her supervisors "changed the requirements for the issuance of travel orders." (ECF No. 1-1 at 5.) The Army argues that this claim must be dismissed due to Plaintiff's failure to exhaust administrative remedies. (ECF No. 7-1 at 7-8.)

Under Title VII's exhaustion requirement, federal employees must raise their discrimination claims in administrative proceedings before filing their claims in federal court. 42 U.S.C. § 2000e-16(c); *Brown v. Gen. Serv. Admin.*, 425 U.S. 820, 832 (1976).[3] A federal employee is required to contact an EEO counselor "within [45] days of the date of the matter alleged to be discriminatory . . . ." 29 C.F.R. 1614.105(a)(1); *Lewis v. Potter*, 2009 U.S. Dist. LEXIS 61979, at *8 (D. Md. July 17, 2009). The United States Supreme Court has held

---

[3] Likewise, the Rehabilitation Act requires a plaintiff to exhaust administrative remedies before bringing suit. The Rehabilitation Act expressly incorporates the standards of the Americans with Disabilities Act ("ADA"). *See* 29 U.S.C. § 794(d). The ADA, in turn, adopts the exhaustion requirements of Title VII. *See* 42 U.S.C. § 12117(a). *See also Spencer v. Ashcroft*, 147 F. App'x 373, 375 (4th Cir. 2005). Federal Employees have two routes for pursuing a claim of age discrimination under the ADEA. 29 U.S.C. § 633a. A federal employee may invoke the EEOC's administrative process and then file a civil action in federal court if she is not satisfied with her administrative remedies. This process is the same as the exhaustion process for Title VII claims. Alternatively, she may bypass the administrative process at her agency by providing the EEOC with 30 days' notice of her intent to sue in federal court. A plaintiff may only give notice of intent to sue to the EEOC for events that occurred within the proceeding 180 days. *See Wongus v. McDonald*, Civil Action No. ELH-15-2950, 2016 U.S. Dist. LEXIS 162966, at *25-26 (D. Md. Nov. 23, 2016).

that Title VII's exhaustion requirement is not a jurisdictional rule. Rather, it is a claim-processing rule that must be timely raised. *Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1846 (2019).

In this case, Plaintiff contacted the Army's EEO office in September 2016 and filed a formal complaint in November 2016. Plaintiff does not allege that she ever sought EEO counseling as to the March 2017 claim. To the extent this claim is based on age discrimination and Plaintiff proposes to proceed under the bypass method, she has not alleged that she provided the requisite 30 days' notice of intent to sue within 180 days of the adverse action. The Army timely raised this issue in its Motion. Accordingly, Plaintiff's claim as to the March 1, 2017 employment action is dismissed.

## III.    Time-barred Claims

The Army argues that four of Plaintiff's claims are subject to dismissal because they are time-barred. (ECF No. 7-1 at 8-10.) As stated above, federal employees are required to contact an EEO counselor "within [45] days of the date of the matter alleged to be discriminatory . . . ." 29 C.F.R. 1614.105(a)(1); *Lewis v. Potter*, 2009 U.S. Dist. LEXIS 61979, at *8 (D. Md. July 17, 2009).

In this case, Plaintiff raises the following claims:

1. On or about September 30, 2015, a supervisor issued Plaintiff new performance standards and informally removed her supervisory duties (ECF No. 1-1 at 2);
2. Plaintiff was unfairly rated from July 1, 2015 to June 30, 2016 and was not considered for performance awards (*id.*);
3. Plaintiff was pressured and coerced to accept a management directed reassignment from Fort Meade in Maryland to Fort Belvoir in Virginia. (*Id.*) She claims Defendant moved her position because of her participation in protected activity. Plaintiff accepted the position by email on July 15, 2016; and

9

>    4.   On July 29, 2016, the Army denied Plaintiff Temporary Quarters Sustenance Expenses and a House Hunting Trip and failed to issue travel authorization for Plaintiff's relocation (ECF No. 1-1 at 4).

Plaintiff sought EEO counseling on September 21, 2016, Thus, the earliest action of which she could timely complain would have to have taken place on August 7, 2016, 45 days before September 21, 2016. Each of these claims is based on an action the Army took before the applicable time period and is thus time-barred. Accordingly, these four claims are dismissed.[4]

## IV.   Hostile Work Environment Claim

Plaintiff alleges that the Army created a hostile work environment by engaging in a "pattern of harassment and hostility" against her because of her history of filing antidiscrimination complaints.[5] (ECF No. 1-1 at 5.) Plaintiff claims that the hostile behavior caused her to seek medical treatment for depression and anxiety and exacerbated her bilateral lymphedema. (*Id.*) The Army argues that Plaintiff's hostile work environment claim is subject to dismissal because Plaintiff has not sufficiently pled the elements of such a claim. (ECF No 7-1 at 10-13.)

To establish a prima facie case for hostile work environment, a plaintiff must demonstrate that: "(1) the harassment was unwelcome; (2) the harassment was based on [her sex, age, race, or disability]; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis

---

[4] To the extent Plaintiff alleges that these four acts comprised a pattern of activity that created a hostile work environment, the claims are nonetheless subject to dismissal because, as discussed *infra*, Plaintiff has not sufficiently alleged the elements of a hostile work environment claim.

[5] Plaintiff's failure to accommodate claim under the Rehabilitation Act is treated separately.

for imposing liability on the employer." *Causey v. Balog*, 162 F.3d 795, 801 (4th Cir. 1998). *See also Fox v. GMC*, 247 F.3d 169, 176 (4th Cir. 2001) (concluding that the ADA, like Title VII creates a cause of action for hostile work environment harassment). In weighing whether conduct was sufficiently "severe or pervasive," courts consider the following factors: (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or a mere offensive utterance; and (4) whether it unreasonably interferes with an employee's work performance. *Harris v. Forklift Sys.*, 510 U.S. 17, 23 (1993).

The United States Court of Appeals for the Fourth Circuit has set a "high bar in order to satisfy the severe or pervasive test." *EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008). The Fourth Circuit has recognized that,

> [w]orkplaces are not always harmonious locales, and even incidents that would objectively give rise to bruised or wounded feelings will not on that account satisfy the severe or pervasive standard. Some rolling with the punches is a fact of workplace life. Thus, complaints premised on nothing more than "rude treatment by [coworkers]," "callous behavior by [one's] superiors," or "a routine difference of opinion and personality conflict with [one's] supervisor," are not actionable under Title VII.

*Id.* at 315-16 (quoting *Baqir v. Principi*, 434 F.3d 733, 747 (4th Cir. 2006); *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003); *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 276 (4th Cir. 2000)).

In this case, Plaintiff's factual allegations are insufficient to "raise a right to relief above the speculative level." *McLeary-Evans v. Maryland Dept. of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555). First, Plaintiff fails to plead with sufficient particularity that she was the subject of harassment. She alleges no

11

harassing comments on the part of any Army employee and provides no details that would tend to show that any actions taken by the Army were discriminatory in nature. Second, Plaintiff does not allege sufficient facts to show that any harassment was based on her membership in a protected class. Plaintiff's conclusory statements regarding her hostile work environment claim are insufficient to state a claim for relief. Accordingly, Plaintiff's hostile work environment claim is dismissed.

### V. Failure to Accommodate Claim

Plaintiff alleges that the Army discriminated against her on the basis of her disability when it refused to accommodate her request for total telework instead of reporting to Fort Belvoir, where her position had been relocated. (ECF No. 1 at 4-5; ECF No. 1-1 at 2-3; ECF No. 1-2 at 2-3.) The Army argues that the claim is subject to dismissal because the accommodation Plaintiff sought was not reasonable and the Army provided a reasonable alternative.

Under the Rehabilitation Act, to establish a claim for a failure to accommodate, Plaintiff must show that (1) she has a disability; (2) the Army knew of the disability; (3) with reasonable accommodations she is otherwise qualified to perform the essential functions of the position; and (4) the Army refused to make such reasonable accommodations. *Lewis v. Gibson*, 621 F. App'x. 163, 164 (4th Cir. 2015). A "disability" is defined as "a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual." 29 C.F.R. § 1630.2(g)(1)(i) (defining "disability" for purposes of the American with Disabilities Act); *see also* 29 U.S.C. § 794 (stating that the standards used to determine a violation of the Rehabilitation Act for employment discrimination "shall be the standards

applied" under the Americans with Disabilities Act); *Reyazuddin v. Montgomery Cty., Md.*, 789 F.3d 407, 413 (4th Cir. 2015) ("Employment discrimination claims brought under [the Rehabilitation Act] are evaluated using the same standards as those applied under Title I of the Americans with Disabilities Act of 1990"); *Plummer v. Wright*, Civil Action No. TDC-16-2957, 2017 U.S. Dist. LEXIS 164283, at *23-26 (D. Md. Oct. 3, 2017).

The term "reasonable accommodation" may include, among other things, "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities." 42 U.S.C. § 12111(9)(B); 29 C.F.R. § 1614.203(b). "An employer is not obligated to provide a qualified individual with the accommodation of the employee's choice upon demand; the employer must only provide a reasonable accommodation." *Dahlman v. Tenenbaum*, CIV.A. DKC 10-2993, 2011 U.S. Dist. LEXIS 88220, at *13 (D. Md. 2011).

In this case, Plaintiff alleges that she submitted a reasonable accommodation request when she asked for total telework or, in the alternative, for the Army to permit her to remain at Fort Meade instead of relocating. Plaintiff submitted documentation from her physician stating that she was diagnosed with lymphedema and anxiety and depression and that her mental health medication could cause drowsiness and diminished alertness such that driving for long periods of time was not advisable. (ECF No. 1-2 at 2.) Her physician also reported to the Army that Plaintiff was unable to sit in the car for an extended period because of leg pain. (*Id.*) The Army denied Plaintiff's request to remain at Fort Meade or to be permitted

13

permanent telework. Instead, the Army offered Plaintiff Permanent Change of Station benefits with a House Hunting Trip and Temporary Quarters Sustenance Expenses for up to 90 days to alleviate Plaintiff's travel distance to work. (*Id.* at 3.)

There are no facts alleged here that suggest that the accommodation the Army offered Plaintiff was unreasonable. *See, e.g., Johnson v. Md. Transit Admin.*, Civil Action No. CCB-19-2523, 2021 U.S. Dist. LEXIS 39145, at *10 (D. Md. Mar. 2, 2021) (holding that a failure to accommodate claim was subject to dismissal where Plaintiff alleged no facts showing that the employer's alternative accommodation was unreasonable). Accordingly, Plaintiff's failure to accommodate claim is dismissed.

## VI. Discrimination and Retaliation Claims

Plaintiff alleges a host of disparate treatment and retaliation claims on the basis of her race, sex, age, and disability. The Army argues that these claims are subject to dismissal because Plaintiff does not sufficiently allege and cannot establish a prima facie case of disparate treatment or retaliation based on any of these characteristics. (ECF No. 7-1 at 16-17.)

Because Plaintiff has offered no direct evidence of discrimination, her Title VII claims are considered under the burden-shifting proof scheme of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-805 (1973). Under this framework, Plaintiff must first establish a prima facie case of discrimination. Once she has done so, the burden shifts to the Army to provide a legitimate, nondiscriminatory reason for its employment decisions. *See Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253(1981). If the Army satisfies this burden, then the

burden shifts again to Plaintiff to show that the proffered reasons were pretextual. *McDonnell*, 411 U.S. at 804.

An employee may demonstrate a prima facie case of disparate treatment by showing that (1) she is a member of a protected class; (2) her job performance was satisfactory; (3) she was subjected to adverse employment action; and (4) similarly situated employees outside of her class received more favorable treatment. *See Holland v. Washington Homes, Inc.*, 487 F.3d 208, 214 (4th Cir. 2007). "The central focus of the inquiry is whether the employer has treated 'some people less favorably than others because of their race, color, religion, sex or national origin.'" *Foreman v. Weinstein*, 485 F. Supp. 2d 608, 612 (D. Md. 2007) (*quoting Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577, 98 S. Ct. 2943, 57 L. Ed. 2d 957 (1978)).

Similarly, to allege a prima facie case of age discrimination under the ADEA, a plaintiff must assert that she (1) is a member of the protected class, i.e. is at least 40 years old; (2) suffered an adverse employment action; (3) was meeting her employer's legitimate expectations at the time of the adverse action; and (4) was replaced by or treated less favorably than someone who is either outside the protected class or "substantially younger" than she is. *See McDonnell Douglas*, 411 U.S. at 802.; *Baqir v. Principi*, 434 F.3d 733, 742 (4th Cir. 2006).

The elements of a retaliation claim are: "(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action." *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *Mackey v. Shalala*, 360 F.3d 463, 469 (4th Cir. 2004)). *See also Madison v. Hous. Auth.*, Civil Action No. RDB-21-997, 2021 U.S. Dist. LEXIS 130273, at *12 (D. Md. July 13, 2021)

(applying the same standard to a retaliation claim under the Rehabilitation Act). A protected activity may fall into two categories, opposition and participation. 42 U.S.C. § 2000e-3(a). The participation clause protects an employee from retaliation where she "has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing" under Title VII. *Id.* As for the opposition clause, the Fourth Circuit has held that "protected oppositional activities may include 'staging informal protests and voicing one's own opinions in order to bring attention to an employer's discriminatory activities,' as well as 'complaints ... about suspected violations.'" *EEOC v. Navy Fed. Credit Union*, 424 F.3d 397, 406 (4th Cir. 2005) (quoting *Bryant v. Aiken Reg'l Med. Ctrs.*, Inc., 333 F.3d 536, 543-45 (4th Cir. 2003)).

As Judge Boardman of this Court has noted: "Unlike discrimination plaintiffs, retaliation plaintiffs are limited to traditional principles of but-for causation and must be able to prove that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer. That is, the employee must be able to prove that retaliation was the actual reason for the challenged employment action." *Dziwulski v. Mayor of Balt.*, No. DLB-18-277, 2020 U.S. Dist. LEXIS 36516, at *28 (D. Md. Mar. 3, 2020) (citing *Foster v. Univ. of Md.-Eastern Shore*, 787 F.3d 243, 249 (4th Cir. 2015)).

First, Plaintiff has not adequately pled an adverse employment action occurring within the 45-day limitations period that would entail a "significant change in employment status such as hiring, firing, failing to promote, reassignment with significantly different

responsibilities, or a decision causing a significant change in benefits."[6] *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998). *See also Vincent v. Medstar S. Md. Hosp. Ctr.*, Civil Action No. TDC-16-1438, 2017 U.S. Dist. LEXIS 135646, at *16 (D. Md. Aug. 22, 2017). Plaintiff's transfer to Fort Belvoir cannot form the basis of an adverse employment action as to any of her claims because she accepted the transfer more than 45 days before she sought EEO counseling and because the transfer does not constitute an adverse employment action. *See, e.g., Bales v. Md. Judiciary/Administrative Office of the Courts*, No. 15-cv-03293-JFM, 2016 U.S. Dist. LEXIS 161581, at *54 (D. Md. Nov. 21, 2016) (noting that moving an employee to an inferior office or eliminating the employee's work station is not an adverse employment action in a retaliation claim); *Wonasue v. Univ. of Md. Alumni Ass'n*, 984 F. Supp. 2d 480, 492 (D. Md. 2013) ("[N]one of the following constitutes an adverse employment action in a retaliation claim: failing to issue a performance appraisal; moving an employee to an inferior office or eliminating the employee's work station; considering the employee "AWOL"; or issuing a personal improvement plan, "an 'Attendance Warning,'" a verbal reprimand, "a formal letter of reprimand," or "a proposed termination").

Second, even if Plaintiff had sufficiently alleged a prima facie case of discrimination or retaliation, she has not alleged sufficient facts to make it plausible that the Army's proffered reasons for transferring her or taking any other action with respect to her employment were pretextual. Indeed, Plaintiff has offered only conclusory statements to

---

[6] As discussed *supra*, Plaintiff alleges that the Army removed her supervisory responsibilities in September 2015, well outside of the 45-day limitations period to seek EEO counseling. Therefore, any claim based on that action is time-barred.

support her claim of pretext.[7] Nor has Plaintiff alleged sufficient facts to show that retaliation was the reason for any of the Army's employment actions. Accordingly, Plaintiff's remaining discrimination and retaliation claims are dismissed.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 7), construed as a Motion to Dismiss, is GRANTED, and this case is DISMISSED WITH PREJUDICE.

A separate Order follows.

Dated: December 1, 2021

                                                                            _____/s/_____

                                                                       Richard D. Bennett
                                                                       United States District Judge

---

[7] To the extent Plaintiff alleges that other employees were treated better than she was, she has still not adequately pled pretext. To establish pretext using comparators, a plaintiff must "'demonstrate that the comparator was 'similarly situated' in all relevant respects." *Hurst v. District of Columbia*, PWG-12-2537, 2015 U.S. Dist. LEXIS 33623, 2015 WL 1268173, at *3 (D. Md. Mar. 16, 2015), aff'd, No. 15-1410, 2015 U.S. Dist. LEXIS 33623, 2017 WL 908208 (4th Cir. Mar. 7, 2017) (quoting *Williams v. Silver Spring Volunteer Fire Dep't*, 86 F. Supp. 3d 398, 420 (D. Md. 2015)). "This means that the plaintiff must show clearly that the employees dealt with the same supervisor, were subject to the same standards and ... engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it. Notably, the purpose of the similarly situated requirement is to eliminate confounding variables, such as differing roles, performance histories, or decision-making personnel...Thus, if different decision-makers are involved, employees are generally not similarly situated. Indeed, to be similarly situated the employees must have been disciplined by the same supervisor." *Hurst*, 2015 U.S. Dist. LEXIS 33623, 2015 WL 1268173, at * 3 (internal citations omitted). Here, Plaintiff does not allege sufficient facts to determine whether the comparators were in fact similarly situated but for their membership in a protected class or engagement in protected activity. (ECF No. 1-1 at 3.)